**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 1:11-cv-00424-LJO-SKO |
| Petitioner, | ) **FINDINGS AND RECOMMENDATIONS** |
| | ) **REGARDING I.R.S. SUMMONS** |
| v. | ) **ENFORCEMENT** |
| | ) |
| MIKE BRIGGS, | ) |
| Respondent. | ) |

This matter came before the Court on May 11, 2011, pursuant to the Order to Show Cause filed on March 23, 2011, which, with the verified petition and memorandum, was personally served upon Respondent on March 25, 2011.  Respondent did not file a written opposition.

At the hearing, Yoshinori H. T. Himel appeared for Petitioner, and investigating Revenue Officer Evan Moses was present.  Stephen Mensel, Esquire, made a general appearance on behalf of Respondent at the hearing.

The Verified Petition to Enforce Internal Revenue Service (IRS) Summons initiating this proceeding seeks to enforce an administrative summons (Doc. 1) in aid of Revenue Officer Moses' investigation of Mike Briggs, as sole proprietor of Mike Briggs Properties, to obtain financial information for the collection of assessed Employer's Annual Federal

Unemployment Tax (Form 940) for the tax years ending December 31, 2007, December 31, 2008, and December 31, 2009; and to collect Employer's Federal Quarterly Tax (Form 941) for the tax periods ending December 31, 2006, March 31, 2007, June 30, 2007, September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008, September 30, 2008, December 31, 2008, March 31, 2009, June 30, 2009, September 30, 2009, and December 31, 2009.

Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1340 and 1345 and is found to be proper.  Sections 7402(b) and 7604(a) of the Internal Revenue Code authorize the United States to bring the action.  The Order to Show Cause shifted to Respondent the burden of rebutting any of the four requirements of *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

Based on the uncontroverted verification of Revenue Officer Moses and the entire record, the Court makes the following findings:

(1) The summons issued by Revenue Officer John J. Engelbert to Respondent, Mike Briggs, sole proprietor of Mike Briggs Properties, on June 9, 2010, seeking testimony and production of documents and records in Respondent's possession, was issued in good faith and for a legitimate purpose under I.R.C. § 7602, that is, to obtain information for the collection of assessed Employer's Annual Federal Unemployment Tax (Form 940) for the tax years ending December 31, 2007, December 31, 2008, and December 31, 2009; and to collect Employer's Federal Quarterly Tax (Form 941) for the tax periods ending December 31, 2006, March 31, 2007, June 30, 2007, September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008, September 30, 2008, December 31, 2008, March 31, 2009, June 30, 2009, September 30, 2009, and December 31, 2009.

(2) The information sought is relevant to that purpose.

(3) The information sought is not already in the possession of the Internal Revenue Service.

(4) The administrative steps required by the Internal Revenue Code have been followed.

(5) There is no evidence of referral of this case by the Internal Revenue Service to the Department of Justice for criminal prosecution.

(6) The verified petition and its exhibits made a prima facie showing of satisfaction of the requirements of *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

(7) The burden shifted to Respondent, Mike Briggs, to rebut that prima facie showing.

(8) Respondent has presented no argument or evidence to rebut the prima facie showing.

The Court therefore recommends that:

1.      The IRS summons issued to Respondent, Mike Briggs, be ENFORCED as follows:

      a.      Respondent be ordered to appear at the IRS offices at 2525 Capitol Street, Suite 205, Fresno, California 93721, before Revenue Officer Evan Moses, or his designated representative, twenty-one (21) days after the issuance of the order, or at a later date to be set in writing by Revenue Officer Moses;

      b.      That upon his appearance, Respondent be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons; and

      c.      That the examination of Respondent shall continue from day to day until completed.

2.      Jurisdiction be RETAINED to enforce its order by its contempt power.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72-304 of the Local Rules of the United States District Court for the Eastern District of California.  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should

be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **May 18, 2011**            /s/ **Sheila K. Oberto**
                              UNITED STATES MAGISTRATE JUDGE