1

2

3

4

5

**IN THE UNITED STATES DISTRICT COURT**

6

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8

UNITED STATES OF AMERICA.                    CASE NO. CV F 11-424 LJO SKO

9

Petitioner,              **O R D E R   T O   S H O W   C A U S E   W H Y**
**DEFENDANT SHOULD NOT BE HELD IN**

10

**CONTEMPT AND SANCTIONED**

11

v.

12

MIKE BRIGGS,

13

Respondent.

_____/

14

15

#### INTRODUCTION

16

Petitioner United States of America ("the government") petitions for an order of contempt,

17

asserting that respondent Mike Briggs ("Mr. Briggs") failed to comply with this Court's June 3, 2011

18

Order, which ordered Mr. Briggs to appear at the Internal Revenue ("IRS") offices within 21 days and

19

to produce for examining and copying the books, checks, records, papers and other data demanded by

20

the IRS summons.  The government submits that Mr. Briggs has failed to comply fully with this Court's

21

order and its summons.  The government requests an order of civil contempt and the imposition of daily

22

fines and incarceration until Mr. Briggs complies fully with the order.  **Mr. Briggs is ORDERED to**

23

**show cause in writing, <u>no later than July 18, 2011,</u> why this Court should not find him in contempt**

24

**of Court for failure to comply with this Court's June 3, 2011 Order, and why this Court should**

25

**not impose monetary and other sanctions against him.  This Court SETS a show cause in re:**

26

**contempt hearing on Monday, July 25, 2011 at 8:30 a.m. in Courtroom 4 (LJO).** This Court shall

27

vacate the July 25, 2011 hearing if Mr. Briggs demonstrates full compliance with the June 3, 2011 Order

28

no later than July 18, 2011.

1

# DISCUSSION

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose...submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Pursuant to Local Rule 110, "[f]ailure of counsel or a party to comply...with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "The imposition of sanctions ... transcends a court's equitable power concerning relations between the parties and reaches *a court's inherent power to police itself*, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's [misbehavior]." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002) (quoting *Chambers*, 501 U.S. at 46). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. However, a primary aspect of the Court's discretion is the ability to fashion and appropriate sanction for conduct which abuses the judicial process. *Id*. A party's failure to abide by this Court's order abuses the judicial process. *See, Chambers*, 501 U.S. at 57 ("As long as a party receives an appropriate hearing...the party may be sanctions for abuses of process occurring beyond the courtroom, such as disobeying the court's orders."); *see also*, Local Rule 110.

This Court may also punish contempt civilly when a party violates a court order. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). Civil contempt is warranted where there is clear and convincing evidence that the party knew of and violated a specific and definite order of the Court. *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997). The moving party has the burden of proof by showing by clear and convincing evidence that the contemnor violated a specific and definite order of the Court. *Id*.

If found in contempt, this Court may oppose sanctions in two forms: compensatory and coercive. *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). The type of contempt sanctions depends on whether the court has a desire to compel obedience of the court order or to compensate the contemnor's adversary for the injuries causes from the noncompliance. *Id*.

This Court may incarcerate a civil contemnor until compliance with the order. *See Turner v. Roberts*, – U.S. –, 2011 WL 2437010 (2011). This Court may also impose daily fines as both coercive

and compensatory sanctions. This Court may impose coercive sanctions in the form of a fine payable to the court. *Koninklijke Philips Electronics, N.V. v. KXD Technology, Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008). A contemnor may avoid paying this fine by complying with the court's order. *Id*. Monetary fines may also be payable to the petitioner as compensation for damages caused by the contemnor's noncompliance. *Portland Feminist Women's Health Center v. Advocates for Life, Inc.*, 877 F.2d 787, 790 (9th Cir. 1989).

A court may not impose punishment "in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order." *Hicks v. Feiock*, 485 U.S. 624, 638, n. 9 (1988). Once a civil contemnor complies with the underlying order, he or she is purged of the contempt and is free. *Id*.,at 633 (he "carr[ies] the keys of [his] prison in [his] own pockets" (internal quotation marks omitted)).

The government has established that Mr. Briggs has failed to comply fully with this Court's June 3, 2011 Order. Mr. Briggs was ordered to comply with the IRS summons, which ordered him to appear originally on June 9, 2010 and to produce certain documents. While Mr. Briggs has provided the IRS with certain documents, he has failed to comply fully with the appearance order and production order. Accordingly, the government has satisfied its burden to establish by clear and convincing evidence that Mr. Briggs has disobeyed a clear and definite order of this Court.

### CONCLUSION AND ORDER

For the foregoing reasons, **this Court ORDERS Mr. Briggs to SHOW CAUSE in writing, <u>no later than July 18, 2011,</u> why this Court should not find him in contempt of this Court, impose daily monetary sanctions and incarcerate him until he complies**. This Court SETS a contempt hearing on **Monday, July 15, 2011 at 8:30 a.m. in Courtroom 4 (LJO)** to rule on the contempt petition and to consider appropriate sanctions. This Court shall vacate the July 25, 2011 hearing if Mr. Briggs demonstrates full compliance with the June 3, 2011 Order no later than July 18, 2011.

IT IS SO ORDERED.

**Dated:     July 8, 2011                                    /s/ Lawrence J. O'Neill**

1                                    UNITED STATES DISTRICT JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28